UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Benjamin Mario Soto,                                   Civ. No. 24-3523 (JWB/JFD)

      Plaintiff,

v.

University of Minnesota Mechanical                     **ORDER**
Engineer Graduate Admissions *et al (Twin
Cities)*, University of Minnesota Graduate
Admissions Office *et al (U of M)*, and
U of M Equal Opportunity & Title IX
Compliance Office *et al*,

      Defendants.

---

    Plaintiff Benjamin Mario Soto has filed two more Motions to Reconsider prior Orders in this matter, which has been dismissed. (Doc. Nos. 17, 21.) He again indicates that he does not understand the reasons for dismissal, and he contends that Joe Borer-Bell was named as a defendant in his Complaint.

    Soto's argument is rejected. The section of the Complaint that instructed him to list "all defendants" includes three fillable blocks for the name and address of each defendant named in the lawsuit. (Doc. No. 1 at 1–2.) Soto filled in the first two blocks with "University of Minnesota Graduate Admissions Office, etc." and "U of M Equal Opportunity, Title IX Compliance Office, et al." Soto then crossed out the third block, indicating that no more defendants would be named.

    Mentioning Joe Borer-Bell's name later in the Statement of the Claim section is not the same as listing him in the section where "all defendants" are to be listed. And

simply adding "et al." or "etc." does not automatically turn every individual named in any part of the pleading into a named defendant.

Especially for lawsuits against organizations, which only arise based on the actions of individuals within the organizations, plaintiffs must clearly indicate their intent to also assert claims against the individuals. Otherwise, as was the case with Soto's Complaint, the allegations only support claims against the named organization defendants, even if certain workers are mentioned by name. The other names Soto includes in his February 10 Motion do not fix this root pleading problem.

Pro se filings are to be construed liberally, but it goes too far to construe the mere mention of an individual's name as the equivalent of formally naming that person as a defendant—especially when the section for listing defendants affirmatively removes the place to include more than the two listed defendants.

The Order dismissing Soto's Complaint advised that his pleading deficiencies could be addressed by filing a new complaint if he so chose. Soto filed a new action and applied to proceed *in forma pauperis* on February 27, 2025 (*see* Doc. Nos. 1, 2, Civ. No. 25-758 (JWB/JFD)), which are currently under preliminary review. This matter remains closed, and further filings will not be considered unless a motion to reopen is granted.

### ORDER

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff Benjamin Mario Soto's Motions to Reconsider (Doc. Nos. 17, 21) are **DENIED**.

Date: March 14, 2025　　　　　　　　　　*s/ Jerry W. Blackwell*
　　　　　　　　　　　　　　　　　　　JERRY W. BLACKWELL
　　　　　　　　　　　　　　　　　　　United States District Judge